UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAMALL S. BAKER,

Plaintiff,

v.

ZACHERY S. STORK, *et al.*,

Defendants.

Case No. C25-2682-DGE-MLP

ORDER RE: PLAINTIFF'S PENDING MOTIONS

Plaintiff Jamall Baker is a state prisoner who is currently confined at the Monroe Correctional Complex ("MCC") – Sky River Treatment Center ("SRTC"). He filed this civil rights action *pro se* and, though he initially sought leave to proceed *in forma pauperis*, he subsequently paid the filing fee after being advised by the Court that it appeared he had sufficient resources to do so. (*See* dkt. ## 5-6.) Plaintiff alleges in this action that Defendants violated his constitutionally protected rights when they retaliated against him for exercising his right to petition the court for redress of grievances and speak out against his conditions of confinement, and when they failed to protect him from being assaulted by another inmate. (Dkt. # 10 at 11, 14.) Plaintiff also alleges that the State of Washington breached its duty to provide him reasonable care and safety. (*Id.* at 15.)

This matter is now before the Court for consideration of Plaintiff's motion for appointment of counsel (dkt. # 15), his motion requesting that this Court review Washington Department of Corrections ("DOC") video footage of the assault that gave rise to his claims (dkt. # 18), and his motion for an extension of time to respond to Defendants' pending motion for judgment on the pleadings (dkt. # 23). Defendants have filed a response opposing Plaintiff's motion for appointment of counsel (dkt. # 22), and Plaintiff has filed a request to strike Defendants' response as well as an addendum to his request to strike (dkt. ## 25, 27). Defendants have not filed any response to Plaintiff's request that the Court review the DOC's video footage of the assault, nor have they responded to Plaintiff's motion for extension of time.[1]

### A. Motion for Appointment of Counsel

Plaintiff seeks appointment of counsel in this matter, arguing that medical and mental health issues render him unable to litigate this case without the assistance of counsel. (*See* dkt. ## 15 at 2-3, 16 at 1-2.) Plaintiff also argues that he requires the assistance of counsel because of ongoing retaliation from MCC staff and because of the complexities associated with conducting the discovery he anticipates will be necessary in this case; specifically, taking the depositions of Defendants. (Dkt. # 15 at 2.)

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances requires an evaluation of both the

[1] Plaintiff's motion for an extension of time is not yet ripe, but the Court does not deem a response necessary and, thus, will proceed to resolution of the motion at this time.

likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Although Plaintiff here has paid the filing fee, the Court assumes for purposes of the instant motion that Plaintiff is unable to afford counsel.[2] The Court has thus reviewed Plaintiff's motion in light of the standards set forth above and concludes that he has not made the requisite showing for appointment of counsel.

Plaintiff first argues that he is unable to litigate this case without the assistance of counsel because he is currently suffering from post-concussion syndrome, apparently related to the assault which gave rise to the claims in this case, and is experiencing symptoms which include consistent migraine headaches, attention, memory, and vision issues, and mental health challenges. (*See* dkt. ## 15 at 2-3, 16 at 1-2.) Plaintiff represents to the Court that he is currently under the care of a neurologist and speech pathologist for these issues. (*Id.*) While Plaintiff has submitted medical records demonstrating that he was evaluated by a neurologist in November 2025 and was under the care of a speech therapist at least through May 2026, he has not demonstrated that his current symptoms will interfere with his ability to litigate this action. (*See* dkt. # 17 at 2-22.)

The Court notes, in particular, that Plaintiff was evaluated for these symptoms before he filed his initial complaint in this action (dkt. # 1-1), and that he subsequently filed both an amended complaint (dkt. ## 4, 7) and, at the Court's direction, a second amended complaint (dkt. # 10). Each of these submissions was typewritten, well organized, and ably set forth the legal and

---

[2] Plaintiff's asserts in his requests to strike Defendants' response to his motion for appointment of counsel that the response is untimely and is based on incorrect information concerning his financial circumstances. (*See* dkt. ## 25, 27.) While Plaintiff is correct that the response was untimely, the Court has not relied on the response in reaching its decision on Plaintiff's motion for appointment of counsel. The Court therefore DENIES Plaintiff's request to strike.

factual bases of Plaintiff's claims for relief. (*See* dkt. ## 1-1, 4, 7.) Plaintiff's recently filed motions for appointment of counsel and for review of DOC video footage are similarly typewritten and well organized, and both are supported by extensive supporting materials. (*See* dkt. ## 15-18.) These submissions demonstrate that Plaintiff has the capacity to litigate this action despite his ongoing medical and mental health issues.

To the extent Plaintiff argues that he cannot adequately litigate this case while confined at MCC because of further retaliation by MCC staff, including one of the Defendants in this case, Pete Maxson, his argument falls short. (Dkt. # 15 at 2.) Plaintiff bases this argument on difficulties he experienced in obtaining access to a legal case file in a different case. According to Plaintiff, in May 2026, Defendant Maxson held a legal case file that had been sent to Plaintiff at MCC in his office for nine days, knowing that Plaintiff had a deadline to respond to a motion for summary judgment then pending in Snohomish County Superior Court and that access to the file was necessary to prepare the response. (*Id.*) Plaintiff maintains that he lost that case on summary judgment as a result of Defendant Maxson's failure to timely release the file, and he claims that the delay was retaliatory as it occurred within days of this Court having issued a service order in this case. (*Id.*)

Plaintiff has submitted declaration and emails that confirm he experienced a delay in gaining access to legal materials sent to him at MCC related to his Snohomish County action. (*See* dkt. # 17 at 44-62.) However, those submissions also suggest that the delay was largely attributable to logistical issues surrounding the volume of materials involved (30,000 documents contained in ten bankers boxes). (*See* dkt. # 17 at 44-62.) Nothing in Plaintiff's motion or his supporting materials suggests that the difficulties he experienced in gaining access to his legal case file for his Snohomish County case are likely to be replicated here.

Finally, to the extent Plaintiff expresses concerns about his ability to conduct depositions of Defendants in light of his status as a *pro se* litigant, he has identified a challenge typical of those faced by *pro se* litigants and by prisoners litigating actions from within the confines of a correctional facility, a challenge which does not, by itself, constitute an extraordinary circumstance.

In sum, none of the concerns cited by Plaintiff, either individually or cumulatively, rise to the level of an exceptional circumstance sufficient to warrant appointment of counsel. Moreover, none of Plaintiff's submissions to date are sufficient to demonstrate that he is likely to succeed on the merits of his constitutional claims. The record will require further development before the Court is able to make any determination in this regard. Plaintiff has therefore not demonstrated that appointment of counsel is appropriate at this time.

**B. Motion to Review Video Footage**

Plaintiff, in his second motion, asks the Court to review video footage of the assault which gives rise to the claims asserted in this action, as well as the declarations of witnesses to the incident, so that the Court can "determine the merit issue of this action prior to ruling." (Dkt. # 18.) The Court first observes that while Plaintiff has submitted the declarations referenced in his motion (*see* dkt. # 18-1), the video footage is not a part of the record before the Court at this time and, thus, the Court has no ability to review it. The Court further observes that Plaintiff's request for the Court to review evidence supporting the merits of his claims is premature as the only issue currently before the Court is the legal sufficiency of the claims asserted in Plaintiff's second amended complaint, a challenge raised in Defendants' currently pending motion for judgment on the pleadings (dkt. # 20). The development and presentation of the factual record must await resolution of that motion.

**C. Motion for Extension of Time**

Finally, in his third pending motion, Plaintiff seeks a 90-day extension of the deadline to respond to Defendants' pending motion for judgment on the pleadings, arguing that additional time is necessary because he is currently suffering with post-concussion syndrome and experiencing the symptoms discussed above in relation to his motion for appointment of counsel. (Dkt. # 23.) In light of the Court's conclusion that appointment of counsel is not warranted at this time, the Court deems it appropriate to grant Plaintiff the additional time he requests to prepare his response to Defendants' pending dispositive motion. The Court will establish a new briefing scheduled for Defendants' motion below.

**D. Conclusion**

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (dkt. # 15) is DENIED without prejudice to Plaintiff renewing his motion at a later date. Plaintiff's request to strike Defendants' response (dkt. ## 25, 27) is DENIED.

(2) Plaintiff's motion requesting that the Court review DOC video footage of the assault and witness declarations (dkt. # 18) is DENIED.

(3) Plaintiff's motion for an extension of the deadline to respond to Defendants' motion for judgment on the pleadings (dkt. # 23) is GRANTED. Plaintiff shall file any response to Defendants' motion not later than ***November 23, 2026***. Defendants' motion for judgment on the pleadings (dkt. # 20) is RE-NOTED on the Court's calendar for consideration on ***November 30, 2026***. Defendants must file any reply in support on their motion by that date.

//

//

(4) The Clerk is directed to send copies of this Order to Plaintiff, to counsel for Defendants, and to the Honorable David G. Estudillo.

DATED this 18th day of August, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge